UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

IN THE MATTER OF THE COMPLAINT OF TIMOTHY C. WILKIE, an Alaska resident, Owner and Operator of the F/V COPASETIC, Number AK6389AK, for exoneration from or limitation of liability,

Plaintiff.

Case No. 3:11-cv-00205-HRH-JDR

**RECOMMENDATION REGARDING UNOPPOSED MOTION OF THE UNITED STATES, APPEARING SPECIALLY AND NOT GENERALLY, RE: CERTAIN CLAIMS AND CAUSES OF ACTION**

Docket 34

The Court issued an *Amended Order Issuing Injunction and Granting Motion for Order Approving Stipulation Regarding Security and Directing Issuance of Notice* at Docket 20, and amended the Order at Docket 20 with limiting instructions regarding service pursuant to the Order at Docket 22. The State of Alaska filed a *Motion* at Docket 24 seeking an amended order so that the State

would not be prevented from filing potential claims against the plaintiff pursuant to 33 U.S.C. § 2718(a) & (c) of the Oil Pollution Act of 1990 (OPA) and 42 U.S.C. § 9607(h) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). The Court granted the request at Docket 26.

The United States originally sought to Amend the Order at Docket 20 by filing a Stipulation at Docket 23. However, this Stipulation was not accompanied by a Motion. The United States filed a Memorandum in support of the Stipulation at Docket 32. Soon thereafter, the magistrate judge issued a Text Order at Docket 30 requesting the United States re-file the Memorandum as a Motion. In response, the United States filed the instant motion.

The United States seeks an amendment to the Court's Amended Order Issuing Injunction at Docket 20 in order to reflect that the Limitation Act does not preclude the United States from pursuing an action under the OPA, the CERCLA or the Rivers and Harbors Act (RHA).

The attorney for the United States spoke to the Plaintiff, counsel for the claimants and the State of Alaska. Neither the Plaintiff nor the Claimants oppose the Motion. The United States indicates that the State did not oppose the Motion but requests that any further court order include the findings from the Court's Order at Docket 26.

## I. Procedural History

This is a Limitation of Liability Act case filed pursuant to Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule F. Consistent with the Complaint, Plaintiff filed an *Application for Issuance of Injunction and Motion for Order Approving Stipulation Regarding Security and Directing Issuance of Notice* at Docket 4. The magistrate judge issued an Order at Docket 6 granting Plaintiff's Motion and limiting the time for parties to file claims in this matter. That Order was amended upon discovery that, through no fault of the Plaintiff, the publication of notice ordered by the Court had not yet been carried out. The Amended Order was filed at Docket 20. And an alteration to the Order was made by the Court at Docket 22 pursuant to the Plaintiff's *Motion and Memorandum for Reconsideration or correction* filed at Docket 21.[1]

The State of Alaska filed a Motion seeking an amendment to the Order issued at Docket 20 and altered by the Order at Docket 22. Specifically, the State sought clarification that the Limitation Act did not limit potential State claims for damages pursuant to the OPA or the CERCLA. The magistrate judge issued a Recommendation at Docket 25 and the assigned District Court Judge entered an

---

[1] The issue for reconsideration was Plaintiff's request to be relieved from directly contacting the potential claimants in this matter as they already had an attorney and previously received notice of the action and were provided copies of the Complaint.

Order at Docket 26 granting the State's Motion to Modify stating that "[t]he State of Alaska claims pursuant to the Oil Pollution Act of 1990 and the Comprehensive Environmental Response, Compensation, and Liability act are exempted from the court's amended order issuing injunction with respect to the prosecution of other actions."[1]

This Motion by the United States followed the issuance of the Court's Order regarding the potential State claims.

## II.   Applicable Law

The United States cites legal support for the exemption of potential claims pursuant to the OPA, the CERCLA and the RHA from the Limitation Act.

### A.   OPA

The OPA established strict liability for oil spills in the wake of the Exxon Valdez spill.[2]  Section 2702(a) is OPA's liability section.  That section states:

> Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) of this section that result from such incident.

The section of the Act regarding OPA's relationship with other laws

---

[1]Docket 26, p. 2.

[2]33 U.S.C. § 2701 *et seq.*

provides:

> **(c) Additional requirements and liabilities; penalties**
> Nothing in this Act, the Act of March 3, 1851 (46 U.S.C. 183 et seq.), or section 9509 of Title 26, shall in any way affect, or be construed to affect, the authority of the United States or any State or political subdivision thereof--
> > (1) to impose additional liability or additional requirements; or
> > (2) to impose, or to determine the amount of, any fine or penalty (whether criminal or civil in nature) for any violation of law;
> relating to the discharge, or substantial threat of a discharge, of oil.[2]

Title 46 of Section 183 of the United States Code is the Limitation of Liability Act. It is intended to "limit the liability of shipowners following maritime accidents."[3] The language in the OPA explicitly precludes its application in Limitation Act cases regarding oil spills unless the facts meet specific exceptions cited in the OPA.

Prior to the implementation of the OPA, the Clean Water Act (CWA) provided that the owner or operator of a vessel be responsible for costs associated with environmental damages relating to an oil spill.[4] And, case law regarding the CWA established that the Limitation Act could not limit liability related to certain

---

[2] 33 U.S.C. § 2718(c).

[3] *In re Caribbean Sea Transport, Ltd.*, 784 F.2d 622 (11th Cir. 1984).

[4] 33 U.S.C. § 1321(f), (g) and (h).

costs and damages resulting from oil spills in navigable waters of the United States.[5]

The United States argues that the OPA made it more clear than the CWA that the Limitation Act does not apply to oil spills.[6] In the case *In re Metlife Capital Corp.*, the First Circuit held that claims under the OPA are not subject to the Limitation Act.[5] The Court elaborated that

> [i]n addition to the 'notwithstanding' clause, at least four other provisions in the statute explicitly repeal the Limitation Act with respect to certain types of claims. *See* 33 U.S.C. §§ 2702(d)(1)(A) (repealing the Limitation Act as to third parties solely responsible for a spill); 2718(a) (repealing the Limitation Act as to state and local statutory remedies); 2718(c)(1) (repealing the Limitation Act as to fines or penalties).[6]

The Court went on to state that "where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the

---

[5] *See In re Hokkaido Fisheries, Co.*, 506 F.Supp. 631, 634 (D.Alaska 1981) (the "notwithstanding" clause in the CWA precludes application of the Liability Act); *In re Lloyds Leasing, Ltd.*, 764 F.Supp 1114, 1137 (S.D. Tex. 1990) (the Government's Federal Water Pollution Control Act (FWPCA aka Clean Water Act) claim is not limitable); *In re Oswego Barge Corp.*, 664 F.2d 327, 340 (the meaning of the phrase within the FWPCA "notwithstanding any other provisions of law" is meant to prevent limitation pursuant to the Limitation Act).

[6] Docket 35, p. 5.

[5] 132 F.3d 818, 819 (1st Cir. 1997).

[6] *Id.* at 821.

earlier one . . . ."[5]  The later act here is the OPA.

Schoenbaum's *Admiralty and Maritime Law* also states that "OPA broadly supersedes the Limitation of Liability Act with respect to damages and removal costs under both federal and state law . . . Thus the Limitation Act should no longer apply to limit any action for damages or removal costs in connection with any pollution incident."[6]

The United States also cites cases decided both before and after the implementation of the OPA that support its position regarding the non-application of the Limitation Act.[7]

B.  CERCLA

The United States argues that the Limitation Act does not apply to claims under the CERCLA. The CERCLA specifically precludes application of the Limitation Act to discharge of "hazardous substances":

> **(h) Owner or operator of vessel**
> The owner or operator of a vessel shall be liable in accordance with this section, under maritime tort law, and as provided under section 9614 of this title notwithstanding any provision of the Act of March 3, 1851 (46 U.S.C. 183ff)

---

[5] *Id.* at 822 (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976) (quoting *Posadas v. National City Bank*, 296 U.S. 497, 503 (1936)).

[6] 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 18-3 (5th ed.).

[7] *See United States v. CF Industries, Inc.*, 542 F.Supp. 952 (D. Minn. July 15, 1982); *United States v. Amoco Oil Co.*, 580 F.Supp. 1042 (W.D. Mo., Jan. 3, 1984); *United States v. Ohio Valley Co., Inc.*, 510 Fed. 2d 1184 (7th Cir. 1975).

or the absence of any physical damage to the proprietary
interest of the claimant.[8]

The Court previously addressed the inapplicability of the CERCLA to Limitation Act cases in the Order at Docket 26 and cited *In re Flyum's Barge Service* in further support of the State's arguments regarding the CERCLA.[7]

    C.    RHA

In *United States v. Ohio Valley Co., Inc.*, the Seventh Circuit held that the Limitation Act was not applicable to the River and Harbors Act because application would be "inconsistent with the [purpose of the] entire River and Harbors Act–that is: to protect, preserve and make safe the nation's navigable waterways."[8] The inapplicability of the Limitation Act to claims pursuant to the RHA also seems clear.

### Analysis

The language of the OPA, the CERCLA and the RHA is clear. The Limitation Act does not preclude potential claims by the United States with respect to oil pollution. Case law supports this position as well. This Court has previously

---

[8] 42 U.S.C. § 9607(h).

[7] 3:91-cv-00413-JWS (D. Alaska July 22, 1994).

[8] 510 Fed. 2d at 1188. The Court also stated: [s]ince the triggering mechanism for section 183(a) limitation of liability is tied to an awareness of negligence, and because negligence is not significant in actions under sections 14 and 16, it follows that the limitation of liability provisions are in applicable to those sections. *Id.*

granted similar relief to the State of Alaska.[9]  Furthermore, the Petitioner and Claimants do not oppose the United State's Motion.  Neither does the State of Alaska.

### Conclusion

Based on the plain language of the statutes and the supporting case law, in addition to the law of this case, the magistrate judge hereby recommends the Court GRANT the United States' Motion at Docket 34 and enter the proposed order attached at Docket 34-1 with the minor alteration that the Order should include a reference to the magistrate judge's modification at Docket 22.

In the interest of justice and in order to expedite the business of the court, this Recommendation is filed as a Final Recommendation.

IT IS SO RECOMMENDED.


DATED this ___24th___ day of May, 2012, at Anchorage, Alaska.


   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

---

[9]Docket 26.